# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 08-cv-02102-REB-MJW
(Consolidated with Civil Action No. 08-cv-02467-REB-MJW, 09-cv-00161-REB-MJW)

DOUGLAS A. KOPP, derivatively on behalf of Nominal Defendant the Spectranetics Corporation,

    Plaintiff,

v.

EMILE J. GEISENHEIMER,
DAVID G. BLACKBURN,
R. JOHN FLETCHER,
MARTIN T. HART,
JOSEPH M. RUGGIO, M.D.,
JOHN G. SCHULTE, and
CRAIG M. WALKER, M.D.,

    Defendants.

and

THE SPECTRANETICS CORPORATION,

    Nominal Defendant.

## ORDER APPROVING SETTLEMENT PRELIMINARILY
## AND APPROVING THE FORM AND MANNER OF NOTICE

**Blackburn, J.**

This matter is before the court on the **Settling Derivative Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law** [#63][1] filed September 16, 2010. The Court has received the Stipulation of Settlement (the "Stipulation"), dated as of September 10, 2010, that has been entered into by the Settling Derivative Parties. The Court has reviewed the Stipulation and its

---

[1] "[#63]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

attached exhibits, and, good cause appearing,

**IT IS ORDERED** as follows:

1. The Court, for purposes of this preliminary order (the "Notice Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court approves preliminarily the settlement of the Derivative Actions as set forth in the Stipulation.

3. The Court approves as to form and content the Notice of Pendency and Settlement of Derivative Actions (the "Notice"), substantially in the form of Exhibit 1 hereto, and finds that the filing of such Notice, substantially in the manner and form set forth in this Order, meets the requirements of the Federal Rules of Civil Procedure, Colorado law, due process under the United States Constitution, and any other applicable law.

4. No later than five (5) business days following entry of this Order, Spectranetics shall file a "Current Report" on Form 8-K with the United States Securities & Exchange Commission (the "SEC") that includes a copy of the Notice and including a Notice similar to the Form 8-K on the Company's website, where it shall remain posted for at least thirty (30) days.

5. At least ten (10) business days prior to the Settlement Hearing, Spectranetics shall serve on counsel in the Derivative Actions proof, by affidavit or declaration, of the filing of the Form 8-K with the SEC and the posting of the Notice on the Company's website.

6. Pending final determination of whether the Settlement should be approved, neither Settling Derivative Plaintiffs nor any Current Spectranetics Shareholders shall commence or prosecute derivatively on behalf of Spectranetics and

2

against any of the Settling Derivative Defendants or the Released Derivative Parties any Released Claims, any claims which have been or could have been asserted in the Derivative Actions, or any claims that arise out of all or any part of the subject matter of this litigation.

7. Any Current Spectranetics Shareholder who objects to the settlement of the Derivative Actions, the Fee Award, and/or the Special Award shall have a right to appear and be heard at the Settlement Hearing.  Any Current Spectranetics Shareholder may enter an appearance through counsel of such stockholder's own choosing and at such stockholder's own expense or may appear on their own. However, no Current Spectranetics Shareholder shall be heard at the Settlement Hearing unless, on or before fourteen (14) days before the Settlement Hearing, such Person has filed with the Court a written notice of objection, and the grounds for opposing the Settlement or application for attorneys' fees, costs and expenses, along with proof of ownership of Spectranetics stock, and proof (if any) of continuous ownership of Spectranetics common stock from March 16, 2007 through the date of the Settlement Hearing,  and delivered a copy of the written notice of objection, postmarked on or before fourteen (14) days prior to the Settlement Hearing, to the following counsel:

FEDERMAN & SHERWOOD
William B. Federman
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120

Counsel for Settling Derivative Plaintiffs

KATTEN MUCHIN ROSENMAN LLP
Bruce G. Vanyo
Richard H. Zelichov
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

Counsel for Defendant The Spectranetics Corporation

WINSTON AND STRAWN LLP
Stephen C. Schulte
W. Gordon Dobie
35 W. Wacker Drive
Chicago, IL 60601

Counsel for Defendant John G. Schulte

PATTON BOGGS, LLP
Kevin J. Toner
1185 Avenue of the Americas
New York, NY 10036

Counsel for Defendants Emile J. Geisenheimer, David G. Blackburn, R. John Fletcher, Martin T. Hart, Joseph M. Ruggio, M.D., Guy Childs, and Craig M. Walker

The manner in which a notice of objection must be prepared, filed, and delivered shall be stated in the Notice.  Only Current Spectranetics Shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

8.   Any Current Spectranetics Shareholder who does not make his, her, or its objection to the Settlement, the Fee Award, and/or the Special Award in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee Award, and/or the Special Award as incorporated in the Stipulation (including any right of appeal), unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

9.   A Settlement Hearing will be held on **March 11, 2011, at 3:00 p.m. (mountain standard time)** before this Court, sitting in the Alfred A. Arraj, United States Courthouse Annex at 901 19th St., Denver, Colorado (CO) 80294 in Courtroom 1001 (located on the tenth floor), to determine whether the proposed settlement of the

Derivative Actions as set forth in the Stipulation, should be approved as fair, just, reasonable and adequate as to each of the Settling Derivative Parties, whether the Fee Award is fair and reasonable, whether the Special Award should be approved, and whether the Final Judgment approving the Settlement should be entered.  The Court may adjourn or continue the Settlement Hearing without further notice to the Spectranetics stockholders.

10.     No later than twenty-one (21) calendar days before the Settlement Hearing, all briefs supporting the Settlement, the Fee Award, and the Special Award shall be served and filed.  Derivative Plaintiffs reserve the right to file a reply to any objection no later than seven (7) calendar days before the Settlement Hearing.

11.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Settling Derivative Defendants or the Released Derivative Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Derivative Defendants or the Released Derivative Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

12.     The passage of title and ownership to the Fee Award to an Escrow Account established by Derivative Plaintiffs' Counsel in accordance with the terms of the Stipulation is approved.  All funds held by Derivative Plaintiffs' Counsel shall be deemed to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such funds shall be distributed pursuant to the Stipulation and/or further

order(s) of the Court, consistent with the terms of the Stipulation.

13. All proceedings in the Derivative Actions as to the Settling Derivative Defendants are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation.

14. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Derivative Parties, if appropriate, without further notice to the Current Spectranetics Shareholders.

15. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Current Spectranetics Shareholders.

16. That the **Settling Derivative Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement and Incorporated Memorandum of Law** [#63] filed September 16, 2010, is **GRANTED**.

**IT IS SO ORDERED**.

Dated December 15, 2010, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge