# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 08-cv-02102-REB-MJW
(Consolidated with Civil Action No. 08-cv-02467-REB-MJW, 09-cv-00161-REB-MJW)

DOUGLAS A. KOPP, derivatively on behalf of Nominal Defendant the Spectranetics Corporation,

    Plaintiff,

v.

EMILE J. GEISENHEIMER,
DAVID G. BLACKBURN,
R. JOHN FLETCHER,
MARTIN T. HART,
JOSEPH M. RUGGIO, M.D.,
JOHN G. SCHULTE, and
CRAIG M. WALKER, M.D.,

    Defendants.

and

THE SPECTRANETICS CORPORATION,

    Nominal Defendant.

## ORDER OF DISMISSAL AND FOR ENTRY OF JUDGMENT

**Blackburn, J.**

This matter came on for hearing on March 11, 2010, on the application of the **Settling Derivative Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Settlement** [#67] filed February 18, 2011. The terms of the proposed settlement are set forth in the **Stipulation of Settlement** [#63-1] dated September 10, 2010 (the "Stipulation"). Due and adequate notice having been given to Current Spectranetics Shareholders, and the Court having considered the Stipulation,

all papers filed and proceedings held herein, all oral and written comments received regarding the proposed settlement, and having reviewed the entire record in the actions, and good cause appearing,

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

      1. The Court, for purposes of this **Order of Dismissal and for Entry of Judgment**, adopts all defined terms as set forth in the Stipulation.

      2. The Court has jurisdiction over the subject matter of the Derivative Actions, including, without limitation, the Settling Derivative Parties and all Current Spectranetics Shareholders.

      3. The Court finds that the filing and posting of the Notice of Pendency and Settlement of Derivative Actions as provided for in the **Order Approving Settlement Preliminarily and Approving the Form and Manner of Notice** [#66] filed December 15, 2010, constituted the best notice practicable under the circumstances to all Current Spectranetics Shareholders and fully met the requirements of Colorado law, due process, Federal Rule of Civil Procedure 23.1, the United States Constitution, and any other applicable laws.

      4. The Court finds and concludes that Derivative Plaintiffs' Counsel fairly and adequately represented the interests of Spectranetics and Current Spectranetics Shareholders.

      5. The Court approves the Settlement of the Derivative Actions as set forth in the Stipulation, including, without limitation, each of the releases set forth in the Stipulation, the settlement of the Derivative Claims, and all other terms. The Court finds that the settlement set forth in the Stipulation is in all respects fair, reasonable and adequate to the Settling Derivative Parties, including, without limitation, Spectranetics and Current

Spectranetics Shareholders, is in the best interests of Spectranetics and Current Spectranetics Shareholders, and that the settlement of the Derivative Actions, including, without limitation, the Released Claims, is on terms which constitute reasonable consideration to Spectranetics for the release of the Released Claims.

6. The Derivative Action and all claims contained therein, as well as all the Released Claims, are dismissed with prejudice as to the Settling Derivative Parties. The Settling Derivative Parties are to bear their own costs, except as otherwise provided in the Stipulation (including Section 4.4 of the Stipulation).

7. Except as set forth in Paragraph 10 below, all Persons, firms, corporations or other entities, including Current Spectranetics Shareholders and the beneficial owners of Spectranetics stock, whether or not such Persons appeared in these Derivative Actions, are forever barred from prosecuting any and all Released Claims on behalf of Spectranetics against the Released Derivative Parties.

8. Upon the Effective Date, except as set forth in paragraph 10 below, the Settling Derivative Plaintiffs (on their own behalf and derivatively on behalf of Spectranetics) and all Current Spectranetics Stockholders shall release, relinquish and discharge, and by operation of this order and the Judgment in this case shall have, fully, finally, and forever released, relinquished and discharged each and all of the Released Derivative Parties from all Released Claims (including "Unknown Claims"), and from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of the Derivative Actions or the Released Claims.

9. Upon the Effective Date, each of the Settling Derivative Defendants and the Insurers shall be deemed to have, and by operation of this order and the Judgment in this case shall have, fully, finally, and forever released, relinquished and discharged the

Settling Derivative Plaintiffs and Derivative Plaintiffs' Counsel from the filing and prosecution of any lawsuit or claim by the Settling Derivative Defendants based on any claims (including Unknown Claims) alleged or which could have been alleged in the Derivative Actions against the Settling Derivative Plaintiffs or Derivative Plaintiffs' Counsel arising out of, relating to, or in connection with the commencement, prosecution, assertion or resolution of the Derivative Actions or the Released Claims.

10. However, in an abundance of caution and to avoid any representation to the contrary (but not to expand by implication the scope of this release), nothing in the Stipulation or the Judgment shall constitute a release of any of the following claims: the direct claims between or among Spectranetics and the Settling Derivative Defendants (as opposed to derivative claims brought on behalf of Spectranetics by a Spectranetics stockholder) as they currently exist including, by way of example, claims under any applicable indemnity agreement or undertaking agreement or claims for breach of fiduciary duty, wrongful termination, breach of contract, tortious interference with contract, or infliction of emotional distress. Nothing in the Stipulation nor the fact that the Stipulation has been executed shall be construed as an admission or concession by any party regarding the proper interpretation of any applicable indemnity agreement.

11. Nothing in this **Order of Dismissal and for Entry of Judgment**, or in the Judgment to be entered in this case, shall preclude any action to enforce the terms of the Stipulation.

12. Derivative Plaintiffs' Counsel are hereby awarded fees, expenses, and disbursements in the amount of 350,000.00 dollars (the "Fee Award"). The Court finds that such Fee Award is fair and reasonable, and directs that the Fee Award shall be paid in accordance with the terms of the Stipulation.

13. Derivative Plaintiffs, as a group, are hereby awarded 7,000.00 dollars (the "Special Award") based on the material benefits created through their participation in the Derivative Actions. The Special Award shall be paid out of the Fee Award and allocated to Plaintiffs by Derivative Plaintiffs' Counsel in accordance with the terms of the Stipulations.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, or of any wrongdoing or liability of the Settling Derivative Defendants or the Released Derivative Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Derivative Defendants or the Released Derivative Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Released Derivative Parties under the Stipulation or any of its integrated agreements may file the Stipulation, its integrated agreements, and/or the Judgment from the Derivative Actions in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Derivative Parties may file the Stipulation and any of its integrated agreements in any proceeding brought to enforce any of their terms or provisions.

15. Without in any way affecting the finality of this **Order of Dismissal and for Entry of Judgment**, or in the Judgment to be entered in this case, the Court reserves exclusive and continuing jurisdiction over the Derivative Actions, including, without

limitation, the Settling Derivative Parties and all Current Spectranetics Shareholders for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation and its integrated agreements; and (b) other matters related or ancillary to the foregoing.

16. The Court finds that during the course of the Derivative Actions, the Settling Derivative Parties and their respective counsel at all times complied with applicable laws, including without limitation Fed. Rule Civ. Proc. 11.

17. In the event that the Effective Date does not occur or the Stipulation is terminated by the Settling Derivative Parties in accordance with its terms, then the Judgment entered as required by this **Order of Dismissal and for Entry of Judgment** shall be rendered null and void and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; the Stipulation shall not be deemed to constitute an admission of fact by any of the Settling Derivative Parties; and neither the existence of the Stipulation nor its contents, shall be admissible in evidence or referred to for any purposes in the Derivative Actions or in any litigation or judicial proceeding.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Settling Derivative Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Settlement** [#67] filed February 18, 2011, is **GRANTED**;

2. That the **Settling Derivative Plaintiffs' Unopposed Motion and Memorandum of Law in Support of an Award of Attorneys' Fees and Expenses and Special Award to Settling Derivative Plaintiffs** [#68] filed February 18, 2011, is

6

**GRANTED**;

3. That this Derivative Action and all claims contained therein, as well as all the Released Claims, **ARE DISMISSED** with prejudice as to the Settling Derivative Parties;

4. That **JUDGMENT SHALL ENTER**:

a. Approving the settlement set forth in the **Stipulation of Settlement** [#63-1] dated September 10, 2010;

b. Directing the Settling Derivative Parties to perform in accordance with the terms set forth in the **Stipulation of Settlement** [#63-1] dated September 10, 2010, and in accordance with the terms of this **Order of Dismissal and for Entry of Judgment**;

c. Dismissing with prejudice this Derivative Action and all claims contained therein, as well as all the Released Claims, as to the Settling Derivative Parties;

d. Awarding Derivative Plaintiffs' Counsel attorney fees, expenses, and disbursements in the amount of 350,000.00 dollars;

e. Awarding Derivative Plaintiffs, as a group, 7,000.00 dollars, which shall be paid from the amount awarded for attorney fees, expenses and disbursements and shall be allocated to the Plaintiffs by Derivative Plaintiffs' Counsel in accordance with the terms of the Stipulation;

f. Directing that the Settling Class Action Parties are to bear their own costs, except as otherwise provided in the Stipulation, including Section 4.4 of the Stipulation; and

5. That these consolidated cases are **CLOSED**.

Dated April 6, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

8